UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DERRICK LEE SMITH,

          Petitioner,              Case No. 1:24-cv-987

v.                                              Honorable Paul L. Maloney

CHRIS KING et al.,

          Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by Derrick Lee Smith, a state prisoner, pursuant to 28 U.S.C. § 2254, challenging his detention in segregation. (Petition, ECF No. 1, PageID.1.) Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner fails to raise a meritorious federal claim cognizable on habeas review.

I.      **Factual Allegations and Background**

Petitioner is incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. Petitioner is serving multiple sentences imposed in separate criminal proceedings in the Wayne County Circuit Court in 1998, 2008, and 2019. MDOC's Offender Tracking Information System (OTIS) indicates that Petitioner is serving the following terms of imprisonment: four concurrent sentences of 17 years, 6 months to 35 years for four counts of first-degree criminal sexual conduct (CSC I), imposed on May 2, 2019; eight concurrent sentences of 22 years, 6 months to 75 years for six counts of CSC I and two counts of kidnapping, imposed on October 29, 2008; and two concurrent sentences of 6 to 15 years for two counts of third-degree criminal sexual conduct, imposed on May 26, 1998.1 *See* OTIS, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=267009 (last visited Oct. 22, 2024).

This is not Petitioner's first habeas petition. Petitioner "has filed many, many habeas corpus petitions in this Court and the United States District Court for the Eastern District of Michigan. Each of his prior petitions has been denied, dismissed, or transferred to the Sixth Circuit Court of Appeals as second and/or successive." *Smith v. Steward*, No. 1:21-cv-124, 2021 WL 457285, at *1 (W.D. Mich. Feb. 9, 2021) (discussing the history of Prisoner Smith's prior habeas petitions).

In the present petition, Petitioner names Warden Chris King, Inspector Unknown Jensen, Deputy Director Unknown Kaminiski, and the Security Classification Committee at LRF as Respondents. (Petition, ECF No. 1, PageID.1.) Petitioner states that he is "being restrained of [his] liberty on orders of the Respondents, who directed [Muskegon Correctional Facility] officers on 9-9-24 to remove [Plaintiff] from general population and place [him] in segregation."[1] (*Id.*)

---

[1] In this opinion, the Court corrects the capitalization in quotations from Petitioner's filings.

Specifically, Petitioner claims that on September 9, 2024, upon the orders of Mr. Kaminiski, "Mr. Jensen[ and] Mr. King had both told [Petitioner] that if [he] g[a]ve them each a total of one million dollars they would put [Petitioner] back in Level 2 population." (*Id.*, PageID.1–2.) Petitioner states that "[t]his is extortion by state actors." (*Id.*, PageID.2.) Petitioner explains that he has "been in Level 2 since 2012 and no increases," and "now they seek to keep [him] in seg[regation], [and] send [him] to a Level 4 when [he] has Level 2 points—all because [Petitioner] refused their request to give them [his] monetary judgment from a court case [he] won on 9-9-24 against S. Combs." (*Id.*) Petitioner asserts that by remaining in segregation, Respondents are "denying [him his] ability to do [his] many active cases for all of [his] legal work and everything has been hurt." (*Id.*, PageID.2–3.) As relief, Petitioner requests that he be placed back in general population "where [he has] been for 12 years." (*Id.*, PageID.3.)

## II.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

Here, Petitioner's habeas issues do not implicate the AEDPA standard, and the claims he raises regarding his placement in segregation are not suited for resolution on habeas review. Title 28, Section 2254, United States Code provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

*Id.* § 2254(a). The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of habeas petitions under § 2254, rather than complaints under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Conversely, constitutional challenges to the conditions of confinement are proper subjects for relief under 42 U.S.C. § 1983. *See id.*; *see also, e.g.*, *Richards v. Taskila*, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) ("As the district court noted, habeas review is limited to claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action." (citations omitted)). However, in *Preiser v. Rodriguez*, the United States Supreme Court did not foreclose the possibility that habeas relief might be available for some conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. *See Johnson v. Avery*, 393 U.S. 483, (1969)[] . . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).

*Preiser*, 411 U.S. at 499 (footnote omitted). But, the Supreme Court has never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id.* at 751 n.1.

Further, the United States Court of Appeals for the Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . . This is not the proper execution-of-sentence claim that may be pursued in a § 2254 petition." (citation omitted)); *Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . do not in any way implicate the validity of his conviction or duration of his state-court sentence. . . . !As such, Hodges's allegations are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983." (citation omitted)). In this action, Petitioner's claims regarding his placement in segregation are claims regarding the conditions of his confinement, not its fact or duration; therefore, the claims should be raised in a complaint pursuant to 42 U.S.C. § 1983.

Although *pro se* pleadings are to be liberally construed, the proper resolution of this petition is dismissal, not reconstruction as a complaint under § 1983. *See Martin*, 391 F.3d at 714.[2] Therefore, Petitioner's habeas petition will be dismissed for failure to raise a meritorious federal claim cognizable on habeas review. The dismissal will be without prejudice to presentation of the claims in a complaint under 42 U.S.C. § 1983.

---

[2] It is noteworthy that Petitioner is familiar with the process for filing complaints under § 1983. Petitioner has filed many § 1983 actions in this Court, and his complaints have lacked sufficient merit so frequently that he is barred from filing such complaints under 28 U.S.C. § 1915(g) unless he pays the applicable filing fees at the time of filing the action or demonstrates imminent danger of serious physical injury. It is possible that Petitioner presents his "conditions of confinement" claims as a habeas petition—with a $5 filing fee—in the hope of avoiding the $405.00 fee for a § 1983 complaint.

### III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IV.    Conclusion**

The Court will enter an order and judgment denying a certificate of appealability and dismissing the petition without prejudice.

Dated:      October 22, 2024            /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge